UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br>v.<br><br>LEMMON LIVESTOCK, INC., and PAUL HUFFMAN, individually,<br><br>Defendants. | CIV11- *CIV11-5046*<br><br>**COMPLAINT**<br><br>FILED<br>MAY 19 2011<br>[signature] CLERK |

Plaintiff brings this action to enjoin Defendants, Lemmon Livestock, Inc., and Paul Huffman, from violating the provisions of §§ 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201-219), hereinafter, the "FLSA," and to enjoin the continued withholding by the Defendants of unpaid overtime compensation due employees under the FLSA.

I

Jurisdiction of this action is conferred upon the Court by section 17 of the FLSA and by 28 U.S.C. § 1345.

II

A. Defendant Lemmon Livestock, Inc., is located in Lemmon, South Dakota, within the jurisdiction of this Court. Defendant, Lemmon Livestock, Inc., is a South Dakota corporation, engaged in cattle auctions.

B. Defendant, Paul Huffman resides in Lemmon, South Dakota, within the jurisdiction of this Court, and as owner and general manager of Defendant Lemmon Livestock, Inc., is involved in the day to day operations of Defendant, Lemmon Livestock, Inc., and acts directly or

indirectly in the interest of Defendant, Lemmon Livestock in relation to the employees referred to below.

III

At all times hereinafter mentioned, the business activities of Defendant, Lemmon Livestock, Inc., referred to in paragraph II A supra, were, and are, related and performed through unified operation or common control for a common business purpose, and constitute an enterprise within the meaning of § 3(r) of the FLSA.

IV

At all times hereinafter mentioned, Defendant, Lemmon Livestock, Inc., employed employees in and about its place of business in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

V

Defendants have violated the provisions of §§ 7 and 15(a)(2) of the FLSA by employing certain of their employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty (40) hours since at least September 2008 without compensating said employees for their employment in excess of forty (40) hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VI

Defendants have violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, in that since at least September 2008, Defendants have failed to make, keep, and preserve records of

their employees and of the wages, hours, and other conditions and practices of employment maintained by Defendants, as prescribed by the regulations promulgated pursuant to § 11(c) at 29 C. F. R. § 516, in that the records kept by Defendants, fail to show, among other things, the hours worked each work day and each workweek, the regular rate of pay, the basis upon which wages are paid, and the total straight time and overtime earnings for each workweek.

VII

As a result of the violations alleged in paragraph V hereof, amounts are owing from Defendants to certain of Defendants' present and former employees, for the period from September 2008-September 2010 in the amount of $7,227.00 as specifically set forth in Exhibit A. Defendants have unlawfully withheld, and continue to withhold unpaid overtime compensation from their employees. A judgment permanently enjoining and restraining the violations herein alleged, including the restraint of the continued withholding of unpaid overtime compensation due Defendants' employees is specifically authorized by § 17 of the FLSA.

WHEREFORE, cause having been shown:

Plaintiff prays for judgment, pursuant to § 17 of the FLSA, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the provisions of §§ 7, 11(c), 15(a)(2), and 15(a)(5) the FLSA, including the restraint of any withholding of payment of unpaid overtime wages found by the Court to be due Defendants' employees together with interest thereon from the dates when such amounts became due, and for such other and further relief as may be necessary and appropriate to effectuate the purposes of the FLSA.

Plaintiff further prays for the award of post-judgment interest as authorized by 28 U.S.C. § 1961 and for the recovery of the costs of this action.

Date: May 11, 2011.

M. Patricia Smith
Solicitor of Labor

Michael A. Stabler
Regional Solicitor

John Rainwater
Associate Regional Solicitor

Brendan V. Johnson
United States Attorney
District of South Dakota

*/s/ Lydia T*

Lydia Tzagoloff, Trial Attorney and
Special Assistant US Attorney
United States Department of Labor
Attorneys for Petitioner
1999 Broadway, Suite 1600
Denver, CO 80202
Phone: 303.844.1745
Fax: 303.844.1753
Email: tzagoloff.lydia@dol.gov