**FILED**

JUN 23 2011

CLERK

### UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH DAKOTA
### WESTERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>LEMMON LIVESTOCK, INC., and PAUL HUFFMAN, individually,<br><br>Defendants . | CIV 11-5046-JLV<br><br>JUDGMENT AND INJUNCTION AGAINST DEFENDANTS, LEMMON LIVESTOCK, and PAUL HUFFMAN, individually |

Plaintiff having filed her complaint, and Defendants, Lemmon Livestock, Inc. and Paul Huffman, individually, having agreed to the entry of this judgment without contest:

It is, therefore, upon motion of counsel for the Plaintiff, and for cause shown:

ORDERED, ADJUDGED, and DECREED that Defendants, Lemmon Livestock and Paul Huffman, individually, be, and hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter the Act, in any of the following manners:

Defendants, jointly or severally, shall not, contrary to sections 6 and 15(a)(2) of the FLSA, fail to pay to their employees engaged in commerce or the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, wages at rates not less than **$7.25**, or any rate subsequently made applicable by amendment to the FLSA, for every hour worked by Defendants' employees.

Defendants, jointly or severally, shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees in commerce or in the production of goods for commerce, or an

enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for his or her employment in excess of 40 hours per workweek at a rate not less that one and one half times the regular rate at which he or she is employed.

Defendants, jointly or severally, shall not, contrary to sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve adequate and accurate records of its employees, and of the wages, hours, and other conditions and practices of employment maintained by Defendants as prescribed by the regulations issued and from time to time amended pursuant to section 11(c) of the FLSA (29 C.F.R. Part 516). Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Defendants are ordered to pay the sum of **$7,227.00** in unpaid minimum wage and overtime compensation due their employees. Defendants shall pay these back wages and liquidated damages by issuing a cashier's check in the amount of **$7,227.00** by no later than June 24, 2011, and the check shall be made payable to "U.S. Dept. of Labor -Wage-Hour" and shall be mailed to DOL WHD, Denver District Office, 1999 Broadway, Suite 710, Denver, CO 80202.

If the payment is more than five (5) days late, Defendants will be in default. Any defaulted balance shall be subject to the assessment of interest and penalty interest rates, and collection costs, as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134).

Upon receipt of full payment, Plaintiff's counsel shall file with the Court a certificate of payment and representatives of the Plaintiff shall distribute such amounts less appropriate deductions for federal income tax withholding and the employee's share of the social security

(F.I.C.A.) tax to the employees, or their legal representatives, as their interests may appear. Defendants Lemmon Livestock and Paul Huffman remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by Plaintiff.

Any back wages which cannot be distributed to the employees, or to their personal representatives because of the inability of Plaintiff to locate the proper persons or because of any person's refusal to accept payment, shall be deposited by the Plaintiff in a special deposit account to be paid to the rightful employee. If such back wages are not claimed by the employee (or a personal representative of the employee) within three years, Plaintiff shall deposit them into the United States Treasury as miscellaneous receipts.

This Court shall retain jurisdiction over this action and the parties hereto as may be necessary to enforce the provisions of the judgment.

Each party shall bear his, her, or its own attorney's fees, costs and other expenses incurred by such party to date in connection with any stage of the above-referenced proceeding including, but not limited to, attorney's fees, costs and other expenses which may be available under the Equal Access to Justice Act, as amended.

The Court directs the entry of this Judgment and Injunction as a final Order.

IT IS SO ORDERED.

Jeffrey Viken

United States District Court Judge

DATE: June 23, 2011

3

Entry of this Judgment
is hereby consented to:

Lemmon Livestock

By: _____
Paul Huffman, owner

Paul Huffman, an individual

By: _____
Paul Huffman, owner

APPROVED

M. Patricia Smith
Solicitor of Labor

Michael A. Stabler
Regional Solicitor

John Rainwater
Associate Regional Solicitor

Lydia Tzagoloff
Attorney

1999 Broadway, Suite 1600
Denver, CO 80202
(303) 844-1745
(303) 844-1753 (fax)
tzagoloff.lydia@dol.gov
UNITED STATES DEPARTMENT OF LABOR

4